Filed 3/23/23  P. v. Nichols CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>KATHRYN LEE NICHOLS,<br><br>        Defendant and Appellant. | A164696<br><br>(Sonoma County<br>Super. Ct. No. SCR-747896-1) |

This is an appeal from final judgment after a jury convicted defendant Kathryn Lee Nichols of assault and attempted criminal threats and found true allegations that she used a deadly weapon.

Defendant contends the trial court failed to exercise the discretion vested in it by the recently amended Penal Code[1] section 1170 in imposing the one-year middle term for the criminal threats offense plus an additional year for the deadly weapon enhancement.  The version of section 1170 in effect at the sentencing hearing set the lower term as the presumptive term for certain offenses when a defendant's prior trauma was a contributing factor.  According to defendant, although the court recognized her prior trauma, it failed to impose the presumptive lower term, such that her

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

1

sentence must be vacated and the matter remanded for resentencing.  We disagree and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 29, 2021, an amended information was filed charging defendant with assault with a deadly weapon (§ 245, subd. (a)(1); count 1), making criminal threats (§ 422, subd. (a); count 2), felony vandalism (§ 594, subd. (a); count 3), misdemeanor falsely identifying herself to a peace officer (§ 148.9, subd. (a); count 4), and misdemeanor trespassing (§ 602, subd. (o); count 5).  The amended information further alleged defendant used a deadly weapon in the commission of counts 2 and 3 (§ 12022, subd. (b)(1)).

These offenses were alleged to have been committed in the early morning hours of July 26, 2021.  A security guard at a winery in Guerneville found a woman, later identified as defendant, asleep on the ground.  He greeted defendant and told her to move along.  Defendant was uncooperative.  However, the security guard remained insistent and moved to his vehicle while defendant began to gather her belongings.  When the security guard asked defendant for her name, she began to threaten him.  The security guard warned that he was going to call the sheriff, which led defendant to pick up a golf club, approach him, and state that she was going to kill him.  The security guard began to drive away, and as he did so, defendant used the golf club to break his windshield.  The sheriff was summoned, and defendant was ultimately arrested.

Defendant testified in her own defense and, among other things, admitted 2020 convictions for unlawfully causing a fire and driving a vehicle without the owner's consent.

On December 9, 2021, a jury found defendant not guilty of assault with a deadly weapon but guilty of the lesser included offense of simple assault

2

(§ 240; count 1), not guilty of making criminal threats but guilty of the lesser included offense of attempted criminal threats (§§ 664, 422, subd. (a); count 2), and guilty of the remaining counts. The jury also found true the deadly weapon allegations as to counts 2 and 3. With respect to factors in aggravation, the jury further found true that (1) defendant's actions in committing the offenses of attempted criminal threats and vandalism while personally using a deadly weapon involved the threat of great bodily harm, (2) she engaged in violent conduct indicating a serious threat to society, and (3) her prior performance on probation was unsatisfactory.

On January 10, 2022, a sentencing hearing was held. The trial court granted defendant's motion to reduce the vandalism conviction to a misdemeanor and struck the accompanying deadly weapon enhancement. The court then sentenced defendant to the one-year middle term for the attempted criminal threats offense, a consecutive one-year term for use of a deadly weapon in the commission of that offense, and concurrent six-month sentences for each of the three misdemeanors. In addition, the court imposed concurrent 16-month sentences in two cases in which defendant was on probation, ordered restitution in the amount of $1,149.47, imposed a $300 restitution fine and a parole revocation restitution fine in the same amount, and awarded presentence credits.

On March 2, 2022, defendant filed a timely notice of appeal.

## DISCUSSION

Defendant's sole challenge is to the trial court's imposition of the one-year middle term on the attempted criminal threats count. "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a

sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." (§ 1170, subd. (b)(1).)

On October 8, 2021, Senate Bill No. 567 was approved by the Governor, effective on January 1, 2022, nine days before defendant's sentencing hearing. (Stats. 2021, ch. 731, § 1.3.) Among other things, this bill amended section 1170, subdivision (b) to provide in relevant part that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6)(A).)

On appeal, we review a trial court's sentencing choice only for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) As such, we will reverse only if the defendant " ' "clearly show[s] that the sentencing decision was irrational or arbitrary." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)

## I.   *The Sentencing Record.*

For the sentencing hearing, the probation department filed a report, recommending that defendant receive the aggravated three-year term plus one year for the deadly weapon enhancement. The prosecutor agreed with this recommendation, noting the multiple aggravating factors admitted by defendant or found true by the jury. Defense counsel, in turn, asked for no prison time and for the court to reduce her offenses to misdemeanors, noting in particular the mitigating factors that she was stabbed under comparable

4

circumstances the previous year and that until then she had "no criminal history."

The trial court questioned why, after living a relatively crime-free life, defendant committed multiple crimes in the prior 18 months. Defendant initially responded, "I don't know." Her attorney then offered, "I think there was some type of mental issue that was going on that may have been triggered by factors of her recovering from her stabbing." Defendant added, "I have never had a problem. I've been in California for almost nine years. I don't know. I have—I have an ex that I had problems with. It could be something to do with, but I don't know. I do lead a life of minding my own business. I'm an artist so I am frequently found alone drawing, writing, or sewing." Defendant also stated her desire to go back to her home state of Missouri, where her son lived, so that she could "leave whatever is going on here in California . . . ."[2]

The court noted several aspects of the case that made it "interesting." First, the jury found defendant not guilty of assault with a deadly weapon but guilty of just simple assault. At the same time, the jury found defendant guilty of attempted criminal threats with a deadly weapon enhancement. The jury also found true several aggravating factors although, as the court noted, no one was injured and the security guard's 911 call and testimony made it appear that his conversation with defendant was "pleasant."

The court then continued, "[T]he other part about the case that makes this very complex, there—at least probation noted in their report that there was a verified attack of Ms. Nichols in 2019 where she was stabbed in a

_____

[2] Referencing her stabbing, defendant stated, "I don't know. I have seen instances where people are being attacked for being homeless and living out and about and making their lifestyle choices, and I do not know if that is what was happening to me or somebody—an individual that I upset."

homeless situation or transient situation. And the fact that she's had absolutely no criminal record until this basically 12 hours of bizarre behavior up in Healdsburg where, as probation has noted, she goes into a car taking out the personal items out of the car and then sets a fire again where she's found naked and has urinated on herself in that episode. [¶] I was hoping to hear this morning from Ms. Nichols some insight into what is going on here. She clearly does not have any insight into what is driving her behavior. This is very disconcerting to the Court because I don't know whether Ms. Nichols is a danger out there to the public or is just an antisocial person who wants to be left alone."

After stating these considerations, the court chose its sentence. As to the attempted criminal threats count, defendant received the middle term of one year plus one year for the deadly weapon enhancement, for a total two-year term. As to the simple assault count, the court struck the enhancement and reduced it to a misdemeanor before imposing a six-month concurrent sentence. The court also imposed six-month concurrent sentences on the other two misdemeanor counts.

## II.    *Application of the Governing Law.*

Defendant contends her one-year middle term sentence must be vacated and the matter remanded for resentencing because the trial court failed to exercise its discretion under section 1170, subdivision (b)(6)(A) to sentence her to the low term based on the trauma she experienced in 2019 or 2020, when she was stabbed in her sleep at a homeless encampment. Defendant further argues that the court failed its duty under section 1170, subdivision (c) and California Rules of Court, rules 4.406(a) and (b) to state on the record its reasons for imposing the "aggravated middle term" and that it is reasonably probable the court would choose the low term on remand.

6

The People respond that defendant forfeited her challenge by failing to object before the trial court under the rule set forth in *People v. Scott* (1994) 9 Cal.4th 331. Alternatively, the People contend there was no abuse of discretion, as the record supports the court's imposition of the middle term sentence. We conclude the People's forfeiture argument need not be considered because the unambiguous record on appeal establishes there was no abuse of discretion.

Specifically, the trial court's thoughtful reasoning, vocalized at the sentencing hearing, belies defendant's claim that it failed to weigh the relevant factors in choosing the middle term sentence. The trial court considered, inter alia, the traumatic incident of defendant's stabbing, the multiple factors in aggravation found true by the jury, and defendant's lack of insight into her recent spree of criminal activity. Ultimately, having weighed these factors, the court found the middle term appropriate, since it remained unclear to the court whether "[defendant] is a danger out there to the public or is just an antisocial person who wants to be left alone." This decision is consistent with section 1170, subdivision (b), which permits imposition of the middle term, notwithstanding a defendant's prior trauma, where "the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice . . . ." (§ 1170, subd. (b)(6)(A).) Accordingly, the court's decision was neither irrational nor arbitrary. (*People v. Carmony, supra*, 33 Cal.4th at pp. 376–377.)

In reaching this conclusion, we reject defendant's speculation that the trial court was unaware of its discretion under section 1170, subdivision (b)(6)(A) to impose the lower term based on defendant's prior trauma. (See *People v. Orabuena* (2004) 116 Cal.App.4th 84, 99 ["A failure to

exercise discretion is an abuse of discretion"].) On the contrary, prior to ruling, the trial court confirmed on the record that it considered the probation department's sentencing report. This report specifically listed as a mitigating factor that "defendant may have been suffering from a mental condition which may have influenced her conduct in the present matter." Under these circumstances, we decline to presume the court failed to apply the governing law. (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114 [absent an affirmative showing to the contrary, we presume the trial court was aware of and followed the applicable law].)

As the California Supreme Court has long held, in reviewing for abuse of discretion, " ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony, supra*, 33 Cal.4th at pp. 376–377.) " ' " 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*Id.* at p. 377.) Applying these principles here, there is no basis for reversal.

## DISPOSITION

The judgment is affirmed.

_____

Jackson, P. J.

WE CONCUR:

_____

Simons, J.

_____

Burns, J.

A164696/*People v. Kathryn Lee Nichols*

9